RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
4/9/15 yt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT LEE HOLLIS (#123732) | DOCKET NO. 15-CV-120; SEC. P |
| VERSUS | JUDGE DRELL |
| TROY POLLOCK, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint of Robert Hollis, filed pro se and *in forma pauperis* on January 22, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff names as defendants Troy Pollock, Virgil Lucas, Carl Coleman, and officers McFarland, Hayes, Gibson, Howard, and Castanzi. He complains that he was subjected to excessive force by the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that on May 22, 2014, he saw Coleman, Castanzi, Hayes, Howard, Gibson, and McFarland physically and violently attack a restrained inmate. Plaintiff states that he ran over to the officers in an effort to stop the beating of the other inmate because he thought the defendants were going to kill the inmate. Plaintiff alleges that he was restrained and physically assaulted by the defendants. Assistant Warden Pollock and Virgil

Lucas stood by and watched the attack. After the assault, Plaintiff was transported to Winnfield Medical Center where he received twelve stitches. He states that he also suffered a concussion, intense pain, and seizures as a result of the attack.

Plaintiff was instructed to amend his complaint state whether he received a disciplinary write-up and conviction as a result of the incident, and if so, whether the conviction was expunged. Plaintiff submitted an exhibit in response to the Memorandum Order, which indicates that Plaintiff was written-up and convicted of striking Sgt. Hayes in the back of the head on the date/time of the incident of which he complains. Plaintiff received a sentence of thirty days forfeiture of good time.

### *Law and Analysis*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. Likewise, Section 1915(e)(2)(b) provides for screening of all complaints filed *in forma pauperis*.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the

allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff received a disciplinary conviction arising from the same actions/incident of which he now complains. A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's disciplinary conviction for striking Sgt. Hayes has not been reversed or expunged. A finding that the defendants used excessive force on Plaintiff during the incident would necessarily imply the invalidity of Plaintiff's conviction for striking the officer. Thus, his claims are presently barred. See Hudson v. Hughes, 98 F.3d 868, 872-73 (5th Cir. 1996)(holding that allegations of excessive force and false arrest are not

cognizable under the doctrine in Heck if a successful civil rights claim would call into question the validity of the plaintiff's conviction); see also Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999)(holding that Heck bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer).

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED** with prejudice for failing to state a claim for which relief may be granted, although Plaintiff may file a claim for monetary damages if and when the Heck conditions are satisfied.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE